Louis H. Castoria, Esq. (SBN: 95768)
Angela Killian, Esq. (SBN: 346212)
**KAUFMAN DOLOWICH & VOLUCK, LLP**
425 California St., Suite 2100
San Francisco, CA 94104
Telephone: (415)926-7600
Facsimile: (415)926-7601
Email: lcastoria@kdvlaw.com

Attorneys for Defendant
PAMELA ROGERS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE WALLER; SUSAN SPENCER and MARGARET HARVEY, | Case No.:4:23-cv-00808-DMR |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PAMELA ROGERS' MOTION TO DISMISS** |
| v. | |
| PAMELA ROGERS; SMILE TRAIN FOUNDATION; STANFORD HOSIPTAL, JOHN MUIR HOSPITAL, CHILDREN'S HOSPITAL OF OAKLAND; CONTRA COSTA MEALS-ON-WHEELS and DOES 1 through 100, inclusive, | Judge: Hon. Donna M. Ryu<br>Hearing Date: May 25, 2023<br>Time: 1:00 PM<br>Dept: Oakland Courthouse, Courtroom 4–3rd Floor |
| Defendants. | Complaint Filed: February 23, 2023<br>Trial Date: None |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PAMELA ROGERS' MOTION TO DISMISS

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROGERS' MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................................ 4

STATEMENT OF FACTS .............................................................................................. 4

LEGAL STANDARD...................................................................................................... 7

ARGUMENT .................................................................................................................. 8

  A.  Plaintiffs' Claims Against Defendant Rogers Are Barred Because the Applicable Statute of Limitations Has Run. ......................................................................................... 8

    1.  The Statute of Limitations Has Run for Plaintiffs' Claim For Breach of Fiduciary Duty. 8

      a.  The Applicable Statute of Limitations is Three Years ................................. 8

      b.  Plaintiffs Were on Notice of Their Claims on February 13, 2019 .............................. 9

    2.  The Statute of Limitations Had Expired on Plaintiffs' Claim for Accounting. ............. 10

    3.  The Statute of Limitations Has Run for Plaintiffs' Claim for Constructive Trust. ........ 11

  B.  Plaintiffs' Claims Against Defendant Rogers Are Barred Under the Doctrine of Issue Preclusion. ....................................................................................................... 11

    1.  Plaintiffs Waller, Spencer, and Harvey Are the Same Parties or in Privity with The Parties as in The Probate Court Proceedings. ........................................................ 13

    2.  Plaintiffs Raise the Same Issue Litigated in The Probate Court. ................................... 14

    3.  The Probate Court's Judgment That the Barbara Trust Held No Family Trust Funds Was Valid and Final. ........................................................................................ 15

    4.  The Lack of Existence of Family Trust Funds in the Barbara Trust Was Essential to the Probate Court's Judgment. ................................................................................ 15

    5.  The Existence of Family Trust Funds in The Barbara Watson Trust Was Actually Litigated. ............................................................................................................ 16

CONCLUSION............................................................................................................... 17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROGERS' MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allen v. McCurry*, 449 U.S. 90 (1980). ..................................................................... 12

*Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524 (9th Cir. 1985) .................. 12, 16

*Bernhard v. Bank of Am. Nat. Trust & Savings Ass'n*, 19 Cal.2d 807 (1942) ............................. 13

*Clark v. Bear Sterns & Co.*, 966 F.2d 1318 (9th Cir. 1992) ......................................... 14

*Conley v. Gibson*, 355 U.S. 41 (1957) ................................................................. 7

*Day v. Greene*, 59 Cal.2d 404 (1953) ................................................................ 11

*Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988)........................................... 8

*Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*, 85 Cal.App.4th 1168 (2000) ... 15

*Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99 (1945) ............................................. 8

*Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048 (9th Cir. 2007) ..................... 7

*Janjua v. Neufeld*, 933 F.3d 1061 (9th Cir. 2019) ............................................... 15, 16

*Jefferson v. J.E. French Co.*, 54 Cal.2d 717, 718-719; 355 P.2d 643 (Cal. 1960) ..................... 10

*Mont. v. U.S.*, 440 U.S. 147 (1979)................................................................. 16

*Morley v. Walker*, 175 F.3d 756 (9th Cir. 1999)...................................................... 7

*N. Star Int'l Ariz. Corp. Comm'n*, 720 F.2d 578 (9th Cir. 1983)...................................... 7

*N.H. v. Maine*, 532 U.S. 742 (2001) ................................................................ 12

*Noggle v. Bank of Am.*, 70 Cal.App.4th 853 (1990) .............................................. 8, 10

*Prakashpalan v. Engstron, Lipscomb & Lack*, 223 Cal.App.4th 1105 (2014) ............................ 9

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 (9th Cir. 2006).............................. 7

*Rodgers v. Sargent Controls & Aerospace*, 136 Cal.App.4th 82 (2006).................................. 13

*Segal v. Am. Tel. & Tel. Co.*, 606 F.2d 842 (9th Cir. 1979) ......................................... 16

*U.S. v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) ...................................................... 7

**Statutes**

28 U.S.C. § 1738............................................................................................ 12

Cal. Code Civ. Proc. §343 ................................................................................. 8

Cal. Prob. Code §16460 ................................................................................... 8

Cal. Prob. Code §16460(a)(1)-(2) ....................................................................... 9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROGERS' MOTION TO DISMISS

## INTRODUCTION

Defendant Pamela Rogers moves to dismiss this action in its entirety, with prejudice, on two dispositive bases:

(1) this action is barred by the applicable statute of limitations, having been filed on February 23, 2023, more than three years after the applicable limitation period, California Probate Code section 16460, had elapsed; and

(2) Issue Preclusion bars Plaintiffs' action because the same issues they assert in the present action were dispositively rejected in the prior probate proceedings in the Contra Costa County Superior Court, which binds all Plaintiffs due to their privity.

## STATEMENT OF FACTS

In 1973, David Watson and Barbara Watson, husband and wife, created a trust known as the Trust Agreement of David and Barbara Watson (the Watson Trust"). It was amended several times over the years. As stated in the Watson Trust, when Mr. Watson passed in 1984, two separate trusts were created—the Family Trust and the Spousal Trust. Barbara Watson, as trustee of the Spousal Trust and the Family Trust, titled the spousal trust the Barbara Watson George Revocable Trust ("Barbara Trust"). Plaintiffs Danielle Waller, Susan Spencer, and Margaret Harvey are beneficiaries of the Family Trust.

In 2016, upon Barbara Watson's death, her successor trustee, Defendant Pamela Rogers, administered the Barbara Trust. Rogers initiated three separate proceedings in the Contra Costa County Probate Court regarding the Barbara Trust. In the first proceeding, ("First Probate Proceeding") Rogers filed a petition for instructions on September 21, 2016 as to the use of annuities to fund the specific bequests, and requested permission to acquire annuities to fund the Trust for Susan Spencer and Danielle Waller, as beneficiaries of the Barbara Trust. Plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROGERS' MOTION TO DISMISS

Waller orally objected to this first petition at a hearing on December 1, 2016. In February 2017, Rogers filed a supplement to the first petition, requesting that the Barbara Trust be allowed to disperse lump sum payments to Waller and Spencer. With the agreement of Waller and Spencer, the Probate Court ordered the requested lump sum payments to satisfy the bequests to Waller and Spencer as beneficiaries of the Barbara Trust.

In the second proceeding ("Second Probate Proceeding"), Rogers filed a petition for instructions on June 30, 2017 to establish that she has completed all research and action necessary for the Family Trust, as required by her role as trustee of the Barbara Trust. Exhibit 2 to Requests for Judicial Notice, Second Petition for Instructions, dated June 30, 2017, p. 4, lines 7-10 ("RJN Exhibit 2"). Plaintiff Waller objected orally to the petition at the hearing on August 17, 2017, and additionally filed written objections on October 4, 2017. Exhibit 3 to Requests for Judicial Notice, Third Petition for Instructions, dated September 10, 2018, p. 2, lines 12-14 ("RJN Exhibit 3"). Plaintiff Spencer did not object to the proceedings but was provided notice *as a beneficiary* of the Family Trust.

The Probate Court conducted a trial on the contested proceedings on May 23, 2018, to determine the issue of Family Trust funds purportedly being held in the Barbara Trust. Exhibit 4 to Requests for Judicial Notice, Minute Order on Hearing for Second Petition, dated May 23, 2018, pp. 1-2 ("RJN Exhibit 4"). The Court found that there was no evidence to support Waller's allegations that there were Family Trust assets in the Barbara Trust. Accordingly, the Probate Court found that Rogers had completed all her work with respect to settling the Family Trust. Exhibit 5 to Requests for Judicial Notice, Order Granting Second Petition for Instructions, dated June 15, 2018, p. 1, lines 18-21 ("RJN Exhibit 5"). In the third proceeding ("Third Probate

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROGERS' MOTION TO DISMISS

Proceeding"), Ms. Rogers filed a petition for instructions on September 10, 2018, asking the court to rule that there were no funds belonging to the Family Trust being held by the Barbara Trust. Rogers requested this order because it was the "only item restricting the trustee's ability to distribute to the residual beneficiaries, all of which are charities." RJN Exhibit 3, p. 2, lines 16-23.

Waller again orally objected at the hearing of the Third Probate Proceeding and she and Spencer filed written objections. The Third Probate Proceeding's Order specifically held that Waller and Spencer, as beneficiaries of the Family Trust, are precluded from arguing that the Barbara Trust has Family Trust assets. Exhibit 6 to Requests for Judicial Notice, Order Granting Third Petition for Instructions and Overruling Objections, dated February 13, 2019, p. 7, third paragraph ("RJN Exhibit 6"). The court reasoned that Waller had an opportunity to prove that there were Family Trust assets during the second proceeding trial. Importantly, the second trial was held for the precise issue of determining whether the Barbara Trust held any Family Trust funds. As to Spencer, the court found that Waller was noticed as a party to the second proceeding, so she had an opportunity to appear, object or present evidence that the Barbara Trust held Family Trust funds, and she failed to do so.

In the order on the third proceeding, the court explicitly held:

In this latter respect, the Court found that no assets were in the trust. Ms. Waller and Ms. Spencer now object to this proceeding by alleging that the trust holds family trust funds. They have not presented any other issues in their objections to the third proceeding than those already tried in the second proceeding. The Court thus must overrule the objections in this proceeding on the basis of collateral estoppel. The Court accordingly grants the petition for instructions as prayed. RJN Exhibit 6, p. 7, third paragraph.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROGERS' MOTION TO DISMISS

Thus, the second judgment was conclusive on the issue. No remaining Family Trust funds were in the Barbara Trust. That issue had been actually litigated in a valid and binding adversary proceeding. The present case is a transparent attempt to "appeal" the Probate Court's decision to a federal court.

**LEGAL STANDARD**

A dismissal for failure to state a claim is appropriate where it appears, beyond a doubt, that the plaintiff can prove no set of facts that would entitle it to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, courts are limited to the material on the face of the complaint when ruling on a Rule 12(b)(6) motion. *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). In most cases, if a court were to consider matters outside the complaint and associated pleadings, it would need to convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, thereby allowing a response from the nonmoving party. *U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

There are three exceptions that allow the court can consider documents outside the pleadings, without converting it to a Rule 56 motion: (1) documents and exhibits to the complaint, (2) documents incorporated by reference, and (3) documents that can be judicially noticed. *Ritchie*, 342 F.3d at 907. The court may take judicial notice of court filings and similar matters of public record in considering matters of preclusion in a Rule 12(b)(6) motion. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts can take

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROGERS' MOTION TO DISMISS

judicial notice of records to help determine what issues were actually litigated for purposes of preclusion in a 12(b)(6) motion.

## **ARGUMENT**

### A. Plaintiffs' Claims Against Defendant Rogers Are Barred Because the Applicable Statute of Limitations Has Run.

Plaintiffs strategically do not provide dates of the Probate Court's rulings in their Complaint, violating their duty of candor to this Court. That omission will be remedied by judicial notice, if the Court so allows.

Plaintiffs' claims in this case are barred by the statute of limitations. Federal courts apply a state's statute of limitations in diversity cases, including its accrual and expiration rules. *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 110 (1945); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1199 (9th Cir. 1988).

### 1. The Statute of Limitations Has Run for Plaintiffs' Claim For Breach of Fiduciary Duty.

#### a. The Applicable Statute of Limitations is Three Years

Under California law, alleged breaches of fiduciary duties based on trusts are subject to a *three-year* statute of limitations. Cal. Prob. Code §16460. When a beneficiary sues a trustee for breach of duty, the statute of limitations ends three years from when the beneficiary knew or should have known of the breach. *Noggle v. Bank of Am.*, 70 Cal.App.4th 853, 857 (1990).

Here, the alleged breach of fiduciary duty was quite specific, not of the ethereal breaches termed "general breaches." The default statute of limitations of four years (Cal. Code Civ. Proc. §343) is thus inapplicable in the present case.

Plaintiffs base their case on their allegation that "Defendant Rogers assumed a position of trust with respect to Plaintiffs when Rogers knew, or reasonably should have known, that certain of the assets owned by Barbara Watson, as trustee of the Barbara Trust, and any other assets owned by Barbara Watson, were assets in which Plaintiffs had a beneficial interest." Exhibit 1 to Requests for Judicial Notice, ECF Complaint, Case No. 4:23-cv-00808-DMR, p. 10, ¶ 49 ("RJN Exhibit 1"). This clearly brings this case within the Probate Code's three-year statute.

b.   Plaintiffs Were on Notice of Their Claims on February 13, 2019

Section 16460 of the California Probate Code governs when the three-year statute of limitations begins to accrue. It specifies two scenarios of accrual: (1) if an adequate writing or accounting is received by the beneficiaries that indicates a breach of trust, the statute of limitations accrues from the date the report is received; or (2) If the writing does not adequately disclose the breach of trust or if no formal writing is provided, the statute of limitations accrues from the date that facts were provided that sufficiently put the beneficiaries on notice of any wrongdoing. Cal. Prob. Code §16460(a)(1)-(2); *Prakashpalan v. Engstron, Lipscomb & Lack*, 223 Cal.App.4th 1105, 1126 (2014).

Plaintiffs state in their Complaint that the breach of trust specifically occurred when the residual funds were distributed to the charities. RJN #1, Complaint, p. 10, ¶ 49. However, that was not the date that the statute of limitations began to accrue. Plaintiffs were sufficiently put on notice on February 13, 2019, when the Court granted Defendant Rogers' Third Petition for instructions regarding the Barbara Trust, ordering that the residual funds would be distributed to the charities. Ms. Rogers had prayed that "the court rule that no funds from the Family Trust are held in the Barbara Watson Trust," so that she could "distribute funds to the residual beneficiaries, all of which are charities." RJN Exhibit 3, p. 2, lines 16-23. The Probate Court's

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROGERS' MOTION TO DISMISS

order was explicit—it ruled that there were no Family Trust assets in the Barbara Trust, thereby giving Ms. Rogers the Court's permission to distribute the Barbara Trust funds to the charities. RJN Exhibit 6, p. 7, third paragraph. It told Plaintiffs that Ms. Rogers was authorized to distribute the funds to the charities. Plaintiffs cannot truthfully argue that they didn't believe Defendant Rogers would distribute the funds after she filed multiple petitions in the Probate Court to obtain permission to do so.

Plaintiffs' statute of limitations began to accrue, at the latest, on February 13, 2019, for any claims arising from the alleged breach of trust. Applying the three-year statute of limitations, Plaintiffs missed their deadline by more than one year after the statutory period had expired, filing the complaint on February 23, 2023. Even assuming *arguendo* that the four-year statute of limitations applied, Plaintiffs would still have missed their deadline by ten days.

The probate statute of limitation is strictly applied. *See, e.g.*, *Noggle*, 70 Cal.App.4th at 857 (strictly enforcing the probate statute of limitations). It is not a game of horseshoes, where "close enough" is good enough. The Court should dismiss the breach of fiduciary duty claim against Defendant Rogers as it is barred by the statute of limitations.

**2.   The Statute of Limitations Had Expired on Plaintiffs' Claim for Accounting.**

The statute of limitations for accounting is based on the underlying action, as an accounting action is an "ancillary" right. *Jefferson v. J.E. French Co.*, 54 Cal.2d 717, 718-719; 355 P.2d 643, 644 (Cal. 1960). Plaintiffs' alleged claim for an accounting is based on the same facts as the bogus claim for breach of trust and fiduciary duty, including the alleged improper handling of the Transamerica stocks in the Family Trust. RJN Exhibit 1, p. 12, ¶ 58. The ancillary claim thus shares the same fatal flaws as the fiduciary duty claim. Accordingly, the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROGERS' MOTION TO DISMISS

statute of limitations is three years for this claim. As explained above, the statute of limitations has run on the breach of fiduciary duty claim, so the same is true for Plaintiffs' claim for accounting.

### 3. The Statute of Limitations Has Run for Plaintiffs' Claim for Constructive Trust.

The statute of limitations to impose a constructive trust is based on an underlying action. *Day v. Greene*, 59 Cal.2d 404, 411 (1953). Here, Plaintiffs allege all Defendants were unjustly enriched by breaching their fiduciary duty or aiding and abetting the breach by retaining possession, custody, and control over funds that they argue they have interest in. RJN Exhibit 1, p. 12, ¶ 62. The underlying alleged conduct giving rise to the constructive trust is the alleged breach of trust and fiduciary duty. Accordingly, the statute of limitations is three years for this claim. As explained above, the statute of limitations has run on the breach of fiduciary duty claim, so the same is said for Plaintiffs' claim for a constructive trust.

Moreover, alleging "unjust enrichment" against a trustee who received no personal gain, other that her court-approved fees, is a self-defeating fiction. The beneficiaries of the court-approved transfers were all well-known and respected charities, the very organizations Ms. Watson chose to benefit, and through which the nonprofit organizations would serve people in need. Plaintiffs cannot contend that they were more deserving of Ms. Watson's funds than the charitable community. Ms. Watson, and the Probate Court, have mandated otherwise.

### B. Plaintiffs' Claims Against Defendant Rogers Are Barred Under the Doctrine of Issue Preclusion.

In their Complaint, Plaintiffs assert claims for relief against Rogers for: Count I – breach of fiduciary duty; Count III – accounting; and Count IV – constructive trust. Plaintiffs' cause of action for breach of fiduciary duty stems from their contention that Rogers breached her duty to

1

2

Plaintiffs' by distributing the funds in the Barbara Trust to Defendants Stanford, Smile Train,

John Muir, Children's Hospital, and Meals on Wheels. Plaintiffs' causes of action for accounting

3

and constructive trust are based on this alleged breach of fiduciary duty.

4

5

The main issue underlying the Plaintiffs' claims is their argument is the same as before,

6

that the Barbara Trust contained Family Trust funds in which the Plaintiffs had beneficial

7

interests in. This specific issue had already been litigated and necessarily decided in a prior

8

probate court proceeding. On February 13, 2019, an order was entered by the probate court of

9

Contra Costa County. This order specifically analyzed the issue of preclusion as it relates to

10

Plaintiffs' arguments that the Barbara Trust held funds in which Plaintiffs had beneficial

11

interests. RJN Exhibit 6, pp. 5-7.There are two types of preclusion: claim preclusion (*res*

12

*judicata)*, and issue preclusion (collateral estoppel). Claim preclusion prevents "successive

13

14

litigation of the very same claim, whether or not the religitation of the claim raises the same

15

issues as the earlier suit," following a final judgment on the claims. *N.H. v. Maine*, 532 U.S. 742,

16

748 (2001). Issue preclusion bars litigation on an issue "once a court has decided an issue of fact

17

or law necessary to its judgment…in a suit on a different cause of action involving a party to the

18

first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Federal courts are required to give full

19

20

faith and credit to state court judgments for preclusion effect. 28 U.S.C. § 1738; *Allen*, 449 U.S.

21

at 96; *Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985).

22

23

The present case is barred by issue preclusion. There are five essential elements to assert

24

issue preclusion against a party or their privies from a prior action: (1) same parties or those in

25

privity with the prior parties; (2) the same issue is brought; (3) the prior judgment was valid and

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROGERS' MOTION TO DISMISS

final; (4) the issue was essential to the prior judgment; and (5) the issue was actually litigated in the prior proceeding.

**1.    Plaintiffs Waller, Spencer, and Harvey Are the Same Parties or in Privity with The Parties as in The Probate Court Proceedings.**

An assertion of issue preclusion must be against a prior party or those in privity with a prior party. Privity, for the purposes of collateral estoppel, refers to "an identification in interest of one person with another [so] as to represent the same legal rights" and to a relationship between the estopped party and party from the prior litigation which is "sufficiently close so as to justify application" of issue preclusion. *Rodgers v. Sargent Controls & Aerospace*, 136 Cal.App.4th 82, 91 (2006); *see also Bernhard v. Bank of Am. Nat. Trust & Savings Ass'n*, 19 Cal.2d 807, 811 (1942) (explaining that a person is privity is "directly interested in the subject matter, and had a right to make defense, or to control the proceeding…"). Plaintiffs Waller, Spencer, and Harvey were all beneficiaries of the Family Trust. They were all in the same legal position with regard to the Trust. Each one of them could step in the shoes of the other to challenge the Probate Court's rulings. Plaintiffs therefore were in privity with one another, so the preclusive effect of a previous judgment is binding against all.

The Second Probate Proceedings considered these issues, with preclusive effect. Plaintiff Waller argued in that proceeding the issue that the Barbara Trust held Family Trust funds. Plaintiffs Waller and Spencer were thus prohibited from relitigating the issue of Family Trust funds in the Third Probate Proceeding. RJN Exhibit 6, p. 7, third paragraph. Plaintiff Spencer was barred from arguing that issue as she was a beneficiary of the trust, in privity with the other Plaintiffs herein. RJN Exhibit 6, p. 6, fourth paragraph. Plaintiff Waller was in all the hearings. For Plaintiffs Spencer and Harvey, the same logic in the Third Probate Proceeding is applicable

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROGERS' MOTION TO DISMISS

here—all are beneficiaries and sit in the same legal interest as one another –in this case a seat without legs.

### 2. Plaintiffs Raise the Same Issue Litigated in The Probate Court.

Plaintiffs' claims share a common thread—the contention that the Barbara Trust held Family Trust funds.

Essential to every defense of issue preclusion is that the issues be identical, as they are here. *Clark v. Bear Sterns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992). In the Complaint, Plaintiffs assert that the Barbara Trust held commingled Family Trust funds. RJN Exhibit 1, p. 7, ¶ 31. Additionally, Plaintiffs allege that Defendant Rogers knew "that some portion of the assets maintained in the Barbara Trust…were assets that had been owned by Barbara Watson, as trustee of the Family Trust." RJN Exhibit 1, p. 9, ¶ 45. For all claims asserted by Plaintiffs, they are asking the Court to relitigate whether the Barbara Trust held Family Trust funds, as alleged multiple times.

In the Second Probate Proceeding's Minute Order, at issue was whether the trust held any family trust funds. RJN Exhibit 4, pp. 1-2; RJN Exhibit 6, p. 6, first paragraph. At this proceeding, Plaintiff Waller had the opportunity to present evidence in support of the claim that the Barbara Trust held Family Trust funds. RJN Exhibit 6, p. 6, first paragraph. In the Third Probate Proceeding's Order, the Court analyzed preclusion because Plaintiffs Waller and Spencer attempted to argue the same issue—that the Barbara Trust held Family Trust funds. The Court held that Plaintiffs Waller and Spencer were precluded from reiterating a disproved argument. RJN Exhibit 6, p. 7, second and third paragraphs.

In this case, Plaintiffs are attempting to raise the same issue *a third time*. This is not a case in which third time is a charm. Rather, it is malicious prosecution.

### 3. The Probate Court's Judgment That the Barbara Trust Held No Family Trust Funds Was Valid and Final.

To determine whether the Third Probate Proceeding's Order was valid and final, we need not look further than the Third Probate Proceeding Judgment's analysis, discussing the effect of the Second Probate Proceeding. "The Court finally adjudged that no funds from the family trust were held in trust." RJN Exhibit 6, p. 7, second paragraph. The court emphasized that Plaintiffs should be able to "retry the same issues that have been decided by an effective judgment." RJN Exhibit 6, p. 6, third paragraph. Under California law, a ruling becomes "final" when the time to appeal has passed or when the appeal has been completed. *Franklin & Franklin v. 7-Eleven Owners for Fair Franchising*, 85 Cal.App.4th 1168, 1172 (2000). The time to appeal the Second Probate Proceeding's Order and the Third Probate Proceeding's Order has passed. RJN Exhibit 6, p. 6, third and fourth paragraphs. The Probate Court's Judgment was valid and final. None of the current Plaintiffs sought to challenge it on appeal.

### 4. The Lack of Existence of Family Trust Funds in the Barbara Trust Was Essential to the Probate Court's Judgment.

Issues are considered essential or necessarily decided when the court must have made a determination on that issue for the judgment to stand. *Janjua*, 933 F.3d at 1066. "Even if an issue is not explicitly raised, if it is necessary to the ultimate determination, it is 'necessarily decided.'" *Id.* The Second Probate Proceeding's determination was "conclusive" on the issue of Family Trust funds within the Barbara Trust. RJN Exhibit 6, p. 6, second paragraph. The Second Probate Proceeding's entire issue was to determine whether the Barbara Trust held any Family

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROGERS' MOTION TO DISMISS

Trust funds. RJN Exhibit 6, p. 7, second paragraph. The issue of Family Trust funds supposedly in the Barbara Trust is essential to its Order to the contrary in the Probate Court case.

### 5. The Existence of Family Trust Funds in The Barbara Watson Trust Was Actually Litigated.

Issue preclusion bars relitigating all "issues of fact or law that were actually litigated and necessarily decided" in any prior proceeding. *Segal v. Am. Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir. 1979) (quoting *Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985). **"**Issue preclusion requires that an issue must have been 'actually and necessarily determined by a court of competent jurisdiction' to be conclusive in a subsequent suit." *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019) (quoting *Mont. v. U.S.*, 440 U.S. 147, 153 (1979). To determine whether an issue was actually litigated, courts look to records of the prior proceeding. *Janjua*, 933 F.3d at 1065. An issue is actually litigated when "an issue is raised, contested, and submitted for determination." *Id.* at 1066.

The Third Probate Proceeding's Order states "[The Second Probate Proceeding's Judgment] is conclusive on issues actually litigated between the parties in the second proceeding…" RJN Exhibit 6, p. 6, second paragraph. The Court stated: "In the second proceeding, at trial, Ms. Waller had the opportunity, and failed, to present any evidence in support of her claim that the trust held family trust funds." RJN Exhibit 6, p. 6, first paragraph. The Minute Order from the Probate Court states: "Ms. Waller does not present evidence to support her allegation that there are still assets." RJN Exhibit 4, p. 1. The Probate Court additionally noted that "[Ms. Waller] was given a 'fair adversary proceeding in which to fully present her case.'" RJN Exhibit 6, p. 6, first paragraph.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROGERS' MOTION TO DISMISS

Here, all the elements for issue preclusion are satisfied. Therefore, as a matter of law, Defendant's Motion to Dismiss must be granted without leave to amend and with prejudice, the records in the Probate Court now being set in stone and dispositive.

## CONCLUSION

Plaintiffs already attempted a second bite at the apple with their objections in the probate proceedings. Now, Plaintiffs attempt to take a third bite at the apple, unnecessarily using court resources. Count I, III, and IV against Defendant Rogers should be dismissed as barred by the statute of limitations and issue preclusion.

Plaintiffs assert that they knew better that Ms. Watson did how her funds should be distributed upon her passing. Having twice been rebuffed by the Probate Court after a full and final adjudication, they have abandoned the California judicial system, without having availed themselves of its appellate authority, and attempt to spin a federal case from of wishful thinking.

We ask the Court to grant this Motion without leave to file a blatantly futile amendment, and with prejudice.

Dated: April 18, 2023              **KAUFMAN DOLOWICH & VOLUCK, LLP**


                                   _/s/ Louis H. Castoria_
                                   _____
                                   Louis H. Castoria, Esq.
                                   Angela Killian, Esq.
                                   Attorneys for Defendant PAMELA
                                   ROGERS

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROGERS' MOTION TO DISMISS