UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE WALLER, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>PAMELA ROGERS, et al.,<br><br>        Defendants. | Case No. 23-cv-00808-VC<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 15, 31 |

    The motions to dismiss are granted. The complaint is dismissed, without leave to amend, for lack of subject matter jurisdiction. Even if there were subject matter jurisdiction, the claims complaint would be dismissed because of issue preclusion. This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

    *Claims against the charities.* There is no subject matter jurisdiction over the claims against the charities. To give the plaintiffs what they seek, this Court would have to declare that certain assets distributed from the Spouse Trust actually belong to the plaintiffs. It would have to make the charities return that money. And, along the way, it would have to hold that the probate court's contrary decision was wrong. All of this asks too much of a district court.

    For one thing, federal courts may not administer estates. *Goncalves v. Rady Children's Hospital San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017). That task is reserved to state probate courts alone. *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). So when there's a dispute over assets held in probate, a federal court "should not try to elbow its way into the fight." *Jones v. Brennan*, 465 F.3d 304, 307 (7th Cir. 2006). And when a probate court decides the matter one way or another, federal courts do not have the power to second-guess—much less reverse—that

decision.

But the plaintiffs would have this Court do just that. A declaration that some assets in the Spouse Trust belonged to the plaintiffs is a declaration about where assets once held in probate should have gone. *See Lefkowitz v. Bank of New York*, 528 F.3d 102, 104 (2d Cir. 2007). And a judgment ordering the charities to return the disbursed funds—or to pay "money damages equal to the amount of the probate disbursement," *Osborn v. Griffin*, 865 F.3d 417, 434 (6th Cir. 2017)—is a judgment unwinding the administration of the estate. That kind of relief goes beyond the limited powers of a federal court.

The fact that this dispute concerns a trust, and not a will, does not change things. *See Deutsch v. Klein*, 2023 WL 3075880, at *1 (C.D. Cal. Apr. 25, 2023); *Chabot v. Chabot*, 2011 WL 5520927, at *5 (D. Idaho Nov. 14, 2011). Labels aside, recall the bare facts of this case: Someone set up an estate to transfer property at their death. When it came time to administer the estate, a probate court decided that certain assets could be distributed to the defendants. The plaintiffs insist that those assets are rightfully theirs. Had the decedent used an ordinary "last will and testament," there would be no question that the probate exception would apply. It is hard to believe that the use of a will substitute alone somehow makes a difference.

There's a second jurisdictional problem. The probate court already ruled that no funds from the Family Trust had been held in the Spouse Trust. Awarding relief against the charities would require reversing that decision. But lower federal courts may not set aside state judgments. *See* 28 U.S.C. 1257(a). Only the Supreme Court can review and reject a state court's final decision. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983).

The plaintiffs do not dispute that they seek to reverse the probate court's ruling. They argue instead that the probate court never had jurisdiction to rule in the first place. But it's hard to see how that could be true. California probate courts have jurisdiction over proceedings "concerning the internal affairs of trusts" or "involving trustees and third persons." Cal. Prob. Code § 17000(b)(3). That includes proceedings "[i]nstructing the trustee." Cal. Prob. Code §

17200(b)(6). Once a trustee invokes that jurisdiction by petitioning for instructions—as Rogers did—the probate court is "empowered to resolve competing claims over the title to and distribution of the decedent's property." *Estate of Heggstad*, 16 Cal. App. 4th 943, 952 (1993).

The plaintiffs lean on one precedent—*Johnson v. Tate*, 215 Cal. App. 3d 1282 (1989)—to support their no-jurisdiction argument. But *Johnson* dealt with a specific caveat in the Probate Code not at issue here. A purported beneficiary to a trust, it's true, may not go to probate court when the trust is still revocable and when the person with the power to revoke is competent. Cal. Prob. Code § 15800. But because the trust here is no longer revocable, that limit does not apply.

*Claim against the trustee.* The probate exception does not block a federal court from hearing a breach of fiduciary duty claim seeking damages against a trustee. *See Marshall*, 547 U.S. at 311; *Lefkowitz*, 528 F.3d at 107–08. So the claim against Rogers avoids that jurisdictional hurdle. But this Court still lacks subject matter jurisdiction over that claim. Again, the plaintiffs do not dispute that they seek to review and reverse an unfavorable state court judgment. And again, it would be impossible to grant relief against Rogers without also holding that the probate court was wrong. *See Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012). So, under the *Rooker-Feldman* doctrine, this claim also must be dismissed for want of jurisdiction.

*Issue preclusion.* In any event, issue preclusion would bar the plaintiffs from bringing this lawsuit. All of the claims in the case turn on the same allegation: that the Spouse Trust contained assets belonging to the Family Trust. Twice, a California probate court has considered that very argument. *See* Dkt. No. 31-2 at 192; *id.* at 197–204. And each time, the court has rejected it. This Court must treat those earlier judgments as California law would. *See* 28 U.S.C.§ 1738; *Noel*, 341 F.3d at 1166; *Key v. Tyler*, 34 Cal. App. 5th 505, 534 (2019). And California law prevents the plaintiffs from rehashing this dispute.

The issue was first raised in an objection to Rogers's second petition for instructions, and it was raised again in an objection to Rogers's third petition. *See* Dkt. No. 31-2 at 181. The issue received an evidentiary hearing and was thus "actually litigated." *See* Dkt. No. 31-2 at 193. Two of the plaintiffs—both beneficiaries of the Family Trust—are the same parties who

(unsuccessfully) made their case in the probate proceedings. The third—also a beneficiary of the Family Trust—stands in "privity" with them. *Cal Sierra Development, Inc. v. George Reed, Inc.*, 14 Cal. App. 5th 663, 672–73 (2017). Those proceedings resulted in a "final judgment" that Rogers didn't need to investigate the matter any further. *See* Dkt. No. 31-2 at 192. And to reach that ruling, the probate court "necessarily decided" that the assets were not commingled. *Lucido v. Superior Court*, 51 Cal.3d 335, 342 (1990).

The plaintiffs challenge the privity point. It's true that no plaintiff "owns" or "controls" the "beneficial interest held by any other." Opp. (Dkt. No. 37) at 15. But the privity requirement is not so strict. It's enough that all plaintiffs were "adversely and similarly impacted" by the "subject matter of the litigation." *Cal Sierra Development*, 14 Cal. App. 5th at 672–73. Here, each of the plaintiffs stood to gain or lose in the same way: More (or fewer) assets in the Family Trust meant a larger (or smaller) disbursement from the Family Trust.

The plaintiffs also argue that they never had a fair shot at making their case. The record in the probate court suggests otherwise. *See* Dkt. No. 31-2 at 197–204. At least two plaintiffs were given notice of Rogers's petitions. One (Waller) filed written objections and received an evidentiary hearing. After those objections were overruled, Waller had a chance to move for reconsideration or to appeal. She did neither.

**IT IS SO ORDERED.**

Dated: August 11, 2023

VINCE CHHABRIA
United States District Judge